# Commonwealth *v.* De Leo, Appellant.

*Criminal law—Murder—Degree of guilt—Principals—Charge to jury.*

1. On the trial of an indictment for murder, the court is not bound to affirm an abstract proposition of law which, though correct in itself, might under the evidence mislead the jury.

2. When a murder occurs in the perpetration of a robbery by two persons acting in concert, both are guilty of the murder, though the killing was the act of one only.

3. In a murder trial the court made no error in refusing to

charge the jury that "defendants being jointly indicted and tried together the jury has the power to return one verdict as to one and a different verdict as to the other," where it appeared that defendants acting together in pursuance of a premeditated plan to commit a robbery had attacked a man with whom deceased was walking, and had demanded his money; that when deceased made an outcry one of defendants shot him, while the other held an open razor in his hand in a threatening manner; that after deceased was shot the defendant having the revolver took money out of one pocket of the companion of the deceased, while the defendant having the razor took money out of the other, and that defendants had acted in concert from the time they met the men until the attempted robbery and the commission of the murder.

4. The trial judge, in such case, sufficiently protected defendants' rights by an instruction to the effect that if the jury should find the defendants guilty they might say whether they were guilty of murder of the first or second degree, and correctly stated the law applicable to the case in charging the jury that if satisfied beyond a reasonable doubt that the murdered man was killed by the defendants or either of them in the perpetration of, or attempt to perpetrate the robbery in the manner charged by the Commonwealth, their verdict should be guilty of murder of the first degree.

*Evidence—Dying declarations.*

5. Where evidence of dying declarations is offered by the Commonwealth in a murder trial, the question whether the declarant was under the belief of his impending dissolution is the primary fact to be established by the party offering the evidence, and the proof offered for this preliminary purpose is addressed in the first instance to the conscience of the court. It is not necessary in such case to prove that declarant stated he was making his declaration under a sense of impending death; it is enough if it satisfactorily appears in any mode that the statement was so made.

6. In a murder trial the court was not in error in admitting evidence of the dying declarations of the murdered man when the Commonwealth laid a foundation for the admission of the evidence by showing that on several occasions the murdered man declared that he was mortally wounded, and was dying; that he had acted under the belief that death was impending by making a will and disposing of his worldly affairs; that he made the declaration in the presence of the defendants, and that his mind was clear and that he knew what he was doing.

Argued Oct. 6, 1913. Appeals, Nos. 211 and 212, January T., 1913, by defendants, from judgment of O. &

T. Fayette Co., March T., 1913, No. 11, on verdict of guilty of murder of the first degree in case of Commonwealth of Pennsylvania v. Luigi De Leo and Frank Wells. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed

Indictment for murder. Before VAN SWEARINGEN, J.

From the record it appeared that one Calvacante, who was walking on the public highway with his wife and with a friend, Charles H. Butler, was attacked by the defendants for the purpose of robbery, that Butler began to "halloo" and was thereupon shot by defendant Wells. Butler subsequently died of the wound inflicted.

The defendants' fifth point, with the answer thereto, was as follows:

"5. The defendants being jointly indicted and tried together, the jury has the power to return one verdict as to one and a different verdict as to the other.

"Answer. Refused as not applicable under the evidence of this case." (1)

Other facts appear by the opinion of the Supreme Court.

The jury found a verdict in each case of guilty of murder of the first degree upon which sentence of death was passed. Defendants appealed.

*Errors assigned* were (1) the refusal of the court to affirm above point; (2) other instructions, and (3) rulings on evidence.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *L. B. Brownfield,* for appellant.—The evidence may be sufficient to warrant a verdict of murder in the first degree, but the jury may find the fact to be otherwise: Rhodes v. Com., 48 Pa. 396; Lane v. Com., 59 Pa. 371; Com. v. Fellows, 212 Pa. 297; Kane v. Com., 89 Pa. 522; Meyers v. Com., 83 Pa., 131; Com. v. Frucci, 216 Pa. 84.

Evidence of the dying declarations was inadmissible: Com. v. Williams, 2 Ash. 69.

The charge to the jury was erroneous.

*S. Ray Shelby,* with him *S. John Morrow,* for appellee.—The refusal of defendants' point was proper: Weston v. Com., 111 Pa. 251; Com. v. Major, 198 Pa. 290; Com. v. Biddle, 200 Pa. 640; Com. v. Flanagan, 7 W. & S. 415; Com. v. Cleary, 148 Pa. 26; Com. v. Aston, 227 Pa. 106; Com. v. Danz, 211 Pa. 507; Johnston v. Com., 85 Pa. 54; Com. v. Buccieri, 153 Pa. 535; Com. v. Crossmire, 156 Pa. 304; Com. v. Sutton, 205 Pa. 605.

The dying declarations were admissible: Com. v. Winkleman, 12 Pa. Superior Ct. 497; Sullivan v. Com., 93 Pa. 284; Kilpatrick v. Com., 31 Pa. 198; Com. v. Roddy, 184 Pa. 274; Com. v. Mika, 171 Pa. 273; Com. v. Latampa, 226 Pa. 23; Meyers v. Com., 83 Pa. 131.

No error was committed in the charge to the jury: Com. v. Winkelman, 12 Pa. Superior Ct. 497; Com. v. Clymer, 217 Pa. 302; Com. v. Kovovic, 209 Pa. 465; Com. v. Frucci, 216 Pa. 84; Com. v. Cunningham, 232 Pa. 609; Shaffner v. Com., 72 Pa. 60; Johnston v. Com., 85 Pa. 54; Kilpatrick v. Com., 31 Pa. 198; Rhodes v. Com., 48 Pa. 396; Com. v. Sheets, 197 Pa. 69; Com. v. Hollinger, 190 Pa. 155; Com. v. Romezzo, 235 Pa. 407.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

The defendants were convicted in the court below of murder of the first degree. The crime was committed in the perpetration of a robbery, or at least in an attempt to perpetrate a robbery. The verdict was fully warranted by the evidence which showed that the defendants in pursuance of a premeditated plan to perpetrate a robbery, acted together in furtherance of that unlawful purpose until the final act was committed which resulted in the death of their victim. At the end of the trial the evidence produced by the Commonwealth stood unchallenged and uncontradicted, and the verdict re-

turned logically followed.  Under the facts this appeal is without merit and our only concern is to see that no substantial error was committed at the trial to the prejudice of the rights of the defendants under the law. Counsel for defendants submitted the following point, and asked the jury to be so instructed: "The defendants being jointly indicted and tried together, the jury has the power to return one verdict as to one and a different verdict as to the other." The point was refused without being read, the trial judge giving as his reason for refusing the point, that it was not applicable to the facts of the case as shown by the evidence. The refusal to affirm this point is made the subject of the first assignment of error. The jury were not misled by the refusal of the trial judge to affirm the point, because neither the point, nor the reason for refusing it, was read in their hearing. Hence, the exact question for decision here is whether under the established and uncontradicted facts, the trial judge was bound to affirm an abstract proposition of law, correct in itself, but which might have been misleading under the evidence. All of the testimony tended to show that the defendants acted together in pursuance of a preconcerted plan to perpetrate a robbery; that Wells fired the revolver and De Leo held an open razor in his hand, raised in a threatening manner at the time of the shooting; and that after the murdered man was shot Wells took money out of one pocket of Calvacante and De Leo out of another pocket. The defendants acted in concert from the time they met Calvacante and wife until the robbery was attempted and the murder was committed. If one was guilty, the other was likewise guilty, no matter which one fired the fatal shot. Under the statute all murder which shall be committed in the perpetration of a robbery, or an attempt to perpetrate a robbery, shall be deemed murder of the first degree. In the present case the evidence, if believed, showed a clear intent to commit a robbery; that a robbery was actually committed; and that the two defend-

ants acted together and in concert in the attempt to perpetrate that crime. Under such circumstances both are equally guilty and the point submitted but refused could only have served to confuse the minds of the jurors. It is true of course that it is the duty of the jury to ascertain the degree of murder, but in other parts of the charge the jurors were so instructed. Among other things the trial judge said: "If you find the defendants guilty, you have the right to say whether they be guilty of murder of the first degree or murder of the second degree. In the statute to which we have called your attention, the degree of the crime as between murder of the first degree and murder of the second degree is always for the determination of the jury and we do not mean to take away from you or interfere with the right you have under the law of fixing the degree." This is a clear and concise statement of the law and could not have been misunderstood by the jury. It is not material which of the two defendants fired the fatal shot. Both participated in a common purpose, the perpetration of a robbery, or the attempt to perpetrate that crime, in the commission of which the murder resulted. In the eyes of the law both are equally guilty, and under these circumstances it was not reversible error for the trial judge to refuse to affirm the point about which complaint is here made. This conclusion is amply sustained by many of our own cases: Johnson v. Com., 85 Pa. 54; Weston v. Com., 111 Pa. 251; Com. v. Major, 198 Pa. 290; Com. v. Biddle, 200 Pa. 640; Com. v. Sutton, 205 Pa. 605.

The second assignment is without substantial merit when considered in connection with the whole charge. The jury were instructed that if satisfied from the evidence beyond a reasonable doubt, that the murdered man was killed by the defendants, or either of them, in the perpetration of or attempt to perpetrate a robbery in the manner charged by the Commonwealth, their verdict should be guilty of murder of the first degree. This amounted to nothing more than a plain statement

of the law as applied to the facts of the case being tried. In other parts of the charge the jury were instructed that it was their duty to ascertain the degree. The instruction complained of is fully sustained by Com. v. Romezzo, 235 Pa. 407.

The third and fourth assignments relate to the dying declaration of the murdered man and the admission of certain testimony for the purpose of laying a foundation for its introduction in evidence. These objections are too technical to be convincing. The belief of speedy dissolution is the test by which to measure the competency of dying declarations: Sullivan v. Com., 93 Pa. 284. The question is whether the declarations were made under a sense of impending death. It is not necessary that it should be stated at the time to be so made: Kilpatrick v. Com., 31 Pa. 198. Whether the declarant was under the belief of his impending dissolution is a preliminary fact to be proved by the party offering the dying declaration in evidence, and the proof offered for this preliminary purpose is addressed in the first instance to the conscience of the court. It is not necessary to prove that the declarant stated he was making his declaration under a sense of impending death. It is enough if it satisfactorily appear in any mode that the statement was made under that sanction: Meyers v. Com., 83 Pa. 131; Com. v. Mika, 171 Pa. 273; Com. v. Roddy, 184 Pa. 274; Com. v. Latampa, 226 Pa. 23. In the present case the murdered man on several occasions declared he was mortally wounded and was dying; he acted in the belief that death was impending by making a will and disposing of his worldly affairs; and he made the declaration in the presence of the defendants. The testimony shows that his mind was clear and that he knew what he was doing. Under these circumstances, and others not recited, there is not the slightest doubt of the competency of the dying declarations of the murdered man under the authority of all of our cases.

It need only be said in conclusion that we find no

reversible error in this record.  The defendants had a fair and impartial trial.  They were ably represented by counsel who were vigilant in the assertion of every right to which the accused were entitled.  They were found guilty on evidence which fully justified the verdict.  They transgressed the law and must answer for that transgression.

Judgment affirmed in each case and record remitted for the purpose of execution.