# Commonwealth *v.* Gray, Appellant (No. 2).

*Criminal law—Charge of court—Sufficiency.*

A failure to instruct a jury as to the distinction between accessories before and after the fact, is not error, where no such instructions were requested and the subject was not involved in the issue.

Where a point asking for certain instructions to a jury on the question of the weight to be attached to the evidence of an accomplice has been affirmed by the court, it is not error for the trial judge to omit to amplify such instructions in the general charge.

*Criminal law—Evidence—Competency of witnesses.*

An objection to the competency of a witness to testify in a criminal case, on the ground that she is a common-law wife of the defendant, is a question to be determined by the trial judge in the light of the evidence.

Argued May 6, 1919. Appeal, No. 105, Oct. T., 1919, by defendants, from judgment of Q. S. Centre Co., Dec. Sess., 1918, No. 8, on verdict of guilty in case of Commonwealth v. Irvin G. Gray, Clyde G. Gray and George F. Gray. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

288　COMMONWEALTH *v.* GRAY, Appellant (No. 2).

Statement of Facts—Opinion of the Court. [72 Pa. Superior Ct.

Indictment for larceny. Before QUIGLEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court.

*Ellis L. Orvis,* and with him *W. G. Runkle,* for appellants.

*J. C. Furst,* District Attorney, and with him *N. B. Spangler,* for appellee.

OPINION BY HENDERSON, J., July 17, 1919:

The defendants were convicted of the larceny of cattle belonging to Kyle Alexander. It is conceded that the evidence presented by the Commonwealth was sufficient, if believed by the jury, to support the verdict. But it is urged on behalf of the appellants that the court omitted to give instructions to the jury which should have been given; that the charge contained erroneous instructions as set forth in the second, third and fourth assignments; and that the remark made by the court in the progress of the trial to one of the counsel for the defendants was prejudicial to them.

In the first assignment complaint is made that the court failed to instruct the jury as to the distinction between accessories before the fact and accessories after the fact. Of this assignment it may be said, first, that no request for such instruction was made, and secondly, that the subject was not involved in the case. The indictment contained a single count charging larceny, and all the evidence against the defendants tended to establish that charge. Instruction on the law relating to accessories would have been irrelevant.

Meris Mann was called as a witness for the prosecution, and objection was made to her competency on the

allegation that she was the wife of one of the defendants, George Gray. The court proposed to the counsel for the defense that they examine the witness for the purpose of ascertaining whether the fact was as alleged; but this offer was declined, the position of the counsel being that the burden was on the Commonwealth to show that she was competent. The court overruled this objection, whereupon the counsel for the Commonwealth examined the witness with reference to her relation to George Gray, and she was cross-examined at great length by the counsel for the defendant. The court submitted to the jury the question whether she was the common-law wife of George Gray, and in doing so used the language set forth in the second assignment of error.

The witness named is the same person who was called as a witness for the Commonwealth in the case against the same defendants at No. 106, October Term, 1919, in which an opinion has this day been handed down. It was alleged in that case that the witness was the common-law wife of George Gray and therefore incompetent to testify. From an examination of the evidence it is manifest that the objection against the witness could not be sustained. The reasons for our conclusion on that subject are set forth in the opinion referred to and it is unnecessary to repeat them here. The jury evidently found in the case now under consideration that no marriage had taken place between the parties; but that question should have been determined by the trial judge in the light of the evidence introduced. The witness was presumably competent, and as the burden rested upon the defendants to show her incompetency, the trial judge should have held that the testimony presented did not establish a marriage.

The excerpt from the charge contained in the fourth assignment was a reasonable assumption taken in connection with the testimony in chief. The witness had testified that the boys, George and Clyde Gray, left the house after supper and so far as she knew did not return until half past nine or ten o'clock that night. They told

her "they had just gotten in and that I should fetch the lantern and come over to the barn; that they were going to butcher." When she went over she saw the cattle which it was alleged the defendants had stolen. The Commonwealth undertook to show by this evidence that these two defendants went after the cattle that evening and brought them to the barn. The court was not un- warranted therefore in saying that they were absent pre- sumably after the cow and calf.

Complaint is made in the fifth assignment that the court did not instruct the jury as to the nature of the crime for which the defendants were indicted. This as- signment is without merit. The jury was told that the defendants were charged with the crime of larceny, and in another place, that the evidence was presented by the Commonwealth on the theory that the two defendants, Clyde Gray and George Gray, during the evening of the 5th of August, "stole the cow and calf in question from the field of Mr. Alexander." It will be presumed that the jury understood that the defendants were charged with stealing the cattle of the prosecutor.

The sixth assignment is contradicted by the record. The defendants' third point requested the instruction of the court as to the caution to be observed by the jury in considering the evidence of an accomplice, and that point was affirmed. It is true the trial judge did not amplify the subject, but the defendants' counsel expressed their view in their own language, and this was adopted by the court. The jury could not have misapprehended the lan- guage of the point, nor was the subject so obscure or dif- ficult as to call for further explanation by the judge. No exception was taken to the remark of the court covered by the seventh assignment, and we are unable to see that in any view of the case the defendants were harmed by the colloquy between the court and one of their counsel. The eighth and ninth assignments are not supported by evi- dence or exception and cannot be considered. No objec- tion was made to the jurors named, and their qualifica-

,tions having been conceded at the beginning of the trial, it is too late to ·raise the question if it were properly brought on the record. The case was fully heard by the court and jury, the charge was impartially given, and none of the objections now presented are sufficient to support a reversal. The judgment is affirmed, and it is ordered that the defendants surrender themselves to the court below to the end that the sentence be carried into effect to the extent to which it has not already been served.