# Commonwealth *v.* Puntario, Appellant.

*Criminal law—Murder — Dying declarations — Evidence — Res gestæ.*

1. Dying declarations cannot be received unless the statement of the deceased was made under the belief that he was about to die.

2. The sense of impending death which the dying person must have had in order to render a dying declaration admissible in evidence, may be inferred from the nature of the wound, without any express declaration to show that he was sensible of impending death.

3. Whether belief in the approach of death was present when the declaration was made, is addressed in the first instance to the conscience of the court; but, after admission of the testimony, it is not error to charge that, before considering the declaration, the jury should be satisfied of the existence of this thought in the mind of the deceased at the time of its utterance.

4. Where a dying declaration is made thirty minutes after the shooting, and as soon as the deceased was able to articulate, and from five to ten minutes before his death, the court, after admitting proof of the same, may properly suggest to the jury that the statement should not be considered if it found that the declaration was not made under   sense of impending dissolution.

5. When an unsworn statement is made as a part of the res gestæ, or under such circumstances as to make it a spontaneous one, it is admissible, and it need not be further shown that the assertion is also a dying declaration because made under a fixed sense of impending dissolution.

6. Where a person who has been shot, makes a statement thirty minutes after the shooting, and as soon as he was able to articulate, such statement is admissible as a part of the res gestæ.

*Criminal law—Murder—Evidence—Loaded gun found in vicinity.*

7. On the trial of an indictment for murder a loaded gun found 4,200 feet from the place of the killing is properly admissible in evidence, where it appears that two of the chambers had been used within a few hours of its finding, which covered the time of the murder; that the bullets were of the same size and make as the one used in the killing; and that the offer of such evidence was made as tending to support in some degree the theory of the Com-

502 COMMONWEALTH v. PUNTARIO, Appellant.

monwealth that an accomplice had carried the weapon to the point in question, and there concealed it.

*Criminal law—Murder—Remarks of district attorney—No request to withdraw juror.*

8. When the district attorney in his opening makes certain statements in good faith, which he is unable subsequently to substantiate, because of an unexpected change in the narrative of a witness for the Commonwealth, such remarks are not ground for granting a new trial after a conviction, where there was no request to withdraw a juror, and the complaint was first made after the conviction.

Argued September 26, 1921. Appeal, No. 454, Jan. T., 1921, by defendant, from judgment of O. & T. Luzerne Co., Sept. T., 1920, No. 257, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Antonio Puntario. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Indictment for murder. Before Fuller, P. J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree upon which sentence was passed. Defendant appealed.

*Error assigned,* inter alia, were various rulings sufficiently shown by the opinion of the Supreme Court, quoting the record.

*S. S. Herring* and *Abram Salsburg,* for appellant.— When the declaration was made there was no proof that deceased believed he was about to die, or expected to die as a result of the wounds. Such proof was necessary: Com. v. Bednorciki, 264 Pa. 124; Com. v. Sullivan, 93 Pa. 284; Kilpatrick v. Com., 31 Pa. 198; Small v. Com., 91 Pa. 304; Kehoe v. Com., 85 Pa. 127; Com. v. Silcox, 161 Pa. 484; Com. v. Abel, 245 Pa. 220.

*Arthur H. James,* District Attorney, for appellee.— The nature of the injuries inflicted are to be considered

in connection with the declaration of the party in determining the state of his mind when the declarations are made: Kehoe v. Com., 85 Pa. 127; Com. v. Sullivan, 93 Pa. 284; Kilpatrick v. Com., 31 Pa. 215; Com. v. De Leo, 242 Pa. 510; Com. v. Latampa, 226 Pa. 23; Com. v. Winkelman, 12 Pa. Superior Ct. 515.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

The appellant stands convicted of the crime of murder of the first degree under an indictment charging him with the killing, on July 21, 1920, of Samuel Lucchino, a detective of the City of Pittston. The deceased was shot from the rear by one lying in wait. After falling to the ground, a short interval of time intervening, he was shot a second time. Death did not follow immediately, but Lucchino was rendered speechless, though apparently retaining consciousness, until his removal to the hospital, where he died, some forty minutes after the assault. The defendant was accused of the murder, and set up an alibi in defense. His guilt or innocence turned upon the proof of identification, and a careful examination of the testimony produced convinces us that evidence was offered which, if believed, as it must have been, justified the finding of the jury.

It is urged, however, that the cause of the prisoner was prejudiced by certain rulings of the trial court. The claim is first made that error was committed in receiving a statement of the deceased that "a stranger shot [him]," in reply to a query of a police official. This answer was given in the hospital twenty or thirty minutes after the shooting, and from five to ten minutes prior to death. The wounds which had been inflicted were most serious, rendering the declarant unable to speak, though not unconscious, a condition which continued until he was placed upon the operating table; then, for the first time, he could articulate, and gave utterance to the expression, the admission of which is assigned as error. Against objection, the learned court

admitted the evidence, but suggested to the jury that the statement should not be considered if they found the reply of Lucchino was not made under a sense of impending dissolution.

Whether the belief in the approach of death was present is addressed in the first instance to the conscience of the court (Com. v. DeLeo, 242 Pa. 510), but, after admission of the testimony, it is not error to charge that the jury, before considering the declaration, should be satisfied of the existence of this thought in the mind of the deceased at the time of its utterance: Com. v. Winkelman, 12 Pa. Superior Ct. 497; Com. v. Murray, 2 Ash. 41; Com. v. Brewer, 164 Mass. 577, 42 N. E. 92. Like instructions have been approved where the defendant insisted that a confession offered was not voluntarily made (Com. v. Epps, 193 Pa. 512); and, where the competency of a witness was objected to on the ground that she was the common law wife of the defendant: Com. v. Gray (No. 2), 72 Pa. Superior Ct. 287 (reversed on other grounds, 265 Pa. 540). The action of the court in so submitting the question was without error.

It is needless to cite authorities to show that dying declarations cannot be received unless the statement of the deceased was made under the belief that he was about to die. Usually the presence of the mental condition can be shown by words or acts of the declarant which indicate this understanding. Often the foundation for the admission is furnished by the statements made to him by others. From all of the surrounding facts the court determines the question of competency. It may be, and the court so found here, that the nature of the wound is such in itself as to justify the conclusion that the deceased was aware of his impending death. Though no case has been called to our attention in this State where some additional circumstance, indicating the mental attitude of the deceased, did not appear, yet the question has been a matter of consideration by text writers, and in other jurisdictions.

"It is well settled that the sense of impending death which the dying person must have had in order to render a dying declaration made by him admissible in evidence may be inferred from the nature of the wound or the state of his illness without any express declaration to show that he was sensible of impending death." 1 R. C. L. 546. Wigmore (Evidence, vol. 2, p. 1807), thus states the rule: "In ascertaining this consciousness of approaching death, recourse should naturally be had to all the attending circumstances. It has been contended that only the statements of the declarant could be considered for this purpose; or, less broadly, that the nature of the injury alone could not be sufficient, i. e., in effect, that the declarant must show in some way by conduct or language that he knew he was going to die. This, however, is without good reason. We may avail ourselves of any means of inferring the existence of any such knowledge; and if, in a given case, the nature of the wound is such that declarant must have realized his situation, our object is sufficiently attained. Such is the settled judicial attitude." In Mattox v. United States, 146 U. S. 140, the principle suggested found approval when it was said: "This [sense of impending death] may be made to appear from what the injured person said; or from the nature and extent of the wounds inflicted, being obviously such that he must have felt or known that he could not survive; as well as from the conduct at the time and the communications, if any, made to him by his medical advisers." See also, New Mexico v. Eagle, 110 Pac. 862; s. c. 30 L. R. A. (N. S.) 391; Gipe v. State, 165 Ind. 433; 1 L. R. A. (N. S.) 419, and cases therein cited.

But, in the present case, it is not necessary to hold that the statement of Lucchino was properly admitted as a dying declaration. The circumstances disclosed were such as would justify its receipt on other grounds. It will be remembered that the declarant, by reason of the shot, lost the power of articulation, and at the first

moment on its return, thirty minutes later, gave the answer in question. "When an unsworn statement is made as part of the res gestæ, properly so called, or under such other circumstances as to make it a spontaneous one, this in itself is sufficient ground of admissibility, and it need not be further shown that the assertion is also a dying declaration because made under a fixed sense of impending dissolution": 4 Chamberlayne on Evidence 3906; 16 C. J. 578. Unless the reply of Lucchino was too remote in time, his utterance, springing from the transaction itself and under circumstances which negative the presumption that it was the result of any premeditation or design, would be admissible. "No fixed measure of time or distance from the main occurrence can be established as a rule to determine what shall be part of the res gestæ. Each case must necessarily depend on its own circumstances to determine whether the facts offered are really part of the same continuous transaction": Com. v. Werntz, 161 Pa. 591, 596. Such declarations, when made by one killed in a mine, within a half hour after the accident, to the first persons appearing, have been held competent: Smith v. Stoner, 243 Pa. 57. Exclamations of the murdered party while running away from the scene of the crime have been received also: Com. v. Van Horn, 188 Pa. 143.

From the time of his wounding until placed upon the operating table in the hospital, the evidence in the present case shows no word to have been said to him which was in any way calculated to detract from the spontaneity of the utterance made at the first moment after the recovery of speech. "A statement made as soon as the declarant has recovered consciousness, or the ability to speak, may fairly be regarded as spontaneous even though a considerable time has elapsed since the principal occurrence": 22 C. J. 466. The admissibility of the answer to a query under similar circumstances has been heretofore approved by this court: Eby v. Travelers Ins. Co., 258 Pa. 525. We are therefore of the opinion that

the evidence was properly received, and the assignments of error referring thereto are overruled.

Complaint is further made of the offering by the Commonwealth of a loaded gun found 4,200 feet from the place of the killing. The bullets were of the same size and make as the one used in the killing of Lucchino, and evidence was offered to show that two of the chambers had been used within a few hours of its finding, which covered the time of the murder. The weapon was properly admitted for consideration by the jury as tending to support in some degree the theory of the Commonwealth that an accomplice had carried the weapon to the point in question and there concealed it: Com. v. Ross, 266 Pa. 580; Com. v. Karamarkovic, 218 Pa. 405. The effect of this testimony was carefully explained to the jury and no harm could have been done to the defendant.

Again, the appellant claims to have been prejudiced by the statement of the district attorney in his opening address to the jury. Certain declarations were made as to the proof which the Commonwealth would offer. No evidence, such as suggested, was presented at the trial because of the unexpected change in the narrative of a witness for the Commonwealth. There is no intimation that the prosecuting officer was not acting in entire good faith. No request was made to withdraw a juror, and the complaint was first raised after the conviction of defendant. Under such circumstances, the act of the court below in refusing a new trial on this ground was proper: Com. v. Mudgett, 174 Pa. 211; Com. v. Smith, 270 Pa. 583.

Other assignments of error have been filed, but were not urged in argument; no reversible error is suggested in any, and a discussion would be useless. A careful consideration of the entire record leads to the belief that the case was well and fairly tried in the court below, and that the rights of the defendant were fully safeguarded. The evidence was carefully reviewed and submitted to

Opinion of the Court.          [271 Pa.

the jury in an impartial charge, and we see no reason why the verdict rendered should be interfered with.

The judgment is affirmed and the record is ordered remitted for the purpose of execution.