Commonwealth *v.* Speller, Appellant.

Argued April 22, 1971. Before Bell, C. J., Jones, Eagen, O'Brien, Roberts, Pomeroy and Barbieri, JJ.

*John W. Packel,* Assistant Defender, with him *Donald K. Stern,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 12, 1971:

This appeal challenges the validity of the judgment of sentence of life imprisonment imposed on the appellant, Mack Clinton Speller, on December 1, 1949, following his conviction by a jury of murder in the first degree.[1]

An examination of the trial record manifests adequate evidence to sustain the jury's verdict, and this is not disputed on appeal. From the testimony of the Commonwealth witnesses, the jury could find the following facts.

On October 31, 1948, Speller was a guest at a halloween party in an apartment residence of Norman Edwards in Philadelphia. While Edwards and a Mrs. Saunders, another guest at the party, were talking in one of the rear rooms of the apartment, Speller entered the room, quickly pulled a .32 calibre automatic pistol from an inside coat pocket, pointed it at the head of Edwards and pulled the trigger. A bullet pierced the left frontal area of the skull at the hairline fracturing the cranium bone. Edwards was taken

---

[1] After sentence was imposed, an appeal was not then filed. However, in 1970, after an evidentiary hearing on a petition seeking post-conviction relief, the court concluded Speller had not knowingly waived his right to appeal from the 1949 judgment. As a result, the court permitted post-trial motions to be filed as if timely filed. These motions were subsequently denied, and this appeal followed.

to a hospital almost immediately, where he died from the bullet wound eight days later. Speller fled the scene after the shooting and left Pennsylvania. Efforts by the police to locate him failed. Speller voluntarily surrendered to the police in Philadelphia on March 6, 1949.

During the trial of the case, Speller admitted the shooting but said it was unintentional. He stated the gun discharged accidentally as he was exhibiting it to Edwards.

At trial, witnesses testified, over objection, that within a short time after Edwards entered the hospital, he said, "Big Mack shot me." This is assigned as error. We disagree.

Before this challenged testimony was admitted, the doctor, who administered emergency aid to Edwards when he entered the hospital, described his "critical" condition, the nature of the wound and stated that Edwards was then "in imminent danger of death." Under the circumstances, it was not error to admit the testimony as a dying declaration.

It is true, as appellant urges, that before declarations of a deceased may be admitted as dying declarations, the evidence must, inter alia, justify the conclusion that at the time the statements were made, the declarant believed he was in fact dying, and also that death was imminent. In other words, the admissibility of such evidence depends primarily upon the state of the declarant's mind. *Commonwealth v. Knable,* 369 Pa. 171, 85 A. 2d 114 (1952) ; *Commonwealth v. Lockett,* 291 Pa. 319, 139 A. 836 (1927) ; and *Commonwealth v. De Leo,* 242 Pa. 510, 89 A. 584 (1914). However, the required sense of imminent death may be inferred from the existing circumstances including the nature of the wound and state of the declarant's illness. *Commonwealth v. Edwards,* 431 Pa. 44, 244 A. 2d 683 (1968), and *Commonwealth v. Plubell,* 367 Pa.

452, 80 A. 2d 825 (1951). The doctor's testimony, supra, was sufficient to warrant the trial court's conclusion that Edwards sensed imminent death at the time he said, "Big Mack shot me."

Next, it is urged that the trial judge's instructions to the jury were fatally deficient since he failed to charge the jury that before the jury could consider the declaration of Edwards, previously discussed, it would have to find that the victim "had knowledge of impending death" at the time the statement was made.[2] This same issue was decided contrary to appellant's position in *Commonwealth v. Edwards,* supra, and further discussion is not needed here.

Appellant also assigns as error the excusing of a juror for cause, merely because the juror expressed objections during voir dire examination to imposition of the death penalty. Since the penalty fixed by the jury in the instant case was life imprisonment, it is admitted that the minimum constitutional standards as to the exclusion of jurors in homicide cases, as announced in *Witherspoon v. Illinois,* 391 U.S. 510, 88 S. Ct. 1770 (1968), were not violated. Cf. *Bumper v. North Carolina,* 391 U.S. 543, 88 S. Ct. 1788 (1968). But, we are urged to extend the *Witherspoon* rule and hold that the exclusion of jurors merely because of conscientious scruples against capital punishment tends to affect the jury's decision of guilt and lead to "a stacked jury" in violation of due process. This position is based on the assertion that "jurors not opposed to the death penalty tend to favor the prosecution in determination of guilt."

We reject such a suggestion. The premise upon which the argument is based is without persuasive foundation and is mere speculation.

Judgment affirmed.

---

[2] No specific exception was entered to the charge of the court.