330 A.2d 856
COMMONWEALTH of Pennsylvania
v.
Leroy GAUSE, Jr., Appellant.

Supreme Court of Pennsylvania.
Submitted Nov. 11, 1974.
Decided Jan. 27, 1975.

596

Eugene H. Clarke, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

The appellant, Leroy Gause, Jr., was convicted in a nonjury trial on December 18, 1973, of murder in the second degree and conspiracy. Post-verdict motions were denied and appellant was sentenced to eight to twenty years imprisonment for the murder. Sentence was suspended as to the conspiracy conviction. This appeal followed.

During the evening of September 25, 1972, about 11:00 p. m., Herman Press was shot five times. Immediately after the shots were heard, the appellant and two other men were seen running away from the street area where the victim was found. About one hour later, the victim, who was undergoing treatment in the hospital emergency room, said to a detective who had entered the room: "Leave me alone, man, can't you see I'm dying." The detective, nonetheless, asked about the shooting, and the victim identified the appellant as the person who had shot him. Approximately thirteen hours later, the victim died. During the trial, the detective testified, over objection, as to the victim's dying declaration.

Appellant first contends that the admission into evidence of the victim's dying declaration was error. We cannot agree. Appellant does not challenge the validity of the dying declaration exception to the rule prohibiting the introduction of hearsay testimony. That exception allows the victim's dying declaration to be introduced into evidence if at the time of the declaration the victim believed that death was imminent. *Commonwealth v. Smith*, 454 Pa. 515, 314 A.2d 224 (1973), *Commonwealth v. Hawkins*, 448 Pa. 206, 292 A.2d 302 (1972); *Commonwealth v. Speller*, 445 Pa. 32, 282 A.2d 26 (1971); *Commonwealth v. Knable*, 369 Pa. 171, 85 A. 2d 114 (1952). The appellant argues, however, that be-

cause there was no evidence that the victim was told about the critical nature of his wounds or was told that he was dying, the trial court erred in concluding that the victim believed his death was imminent. There is no requirement, however, that the victim be so informed. The test is whether, from all of the attending circumstances, it can be inferred that the declarant was conscious of approaching death. 5 J. Wigmore, EVIDENCE § 1442 (3rd ed. 1940). "It may be . . . that the nature of the wound is such *in itself* as to justify the conclusion that the deceased was aware of his impending death." (Emphasis added.) *Commonwealth v. Puntario*, 271 Pa. 501, 504, 115 A. 831, 832 (1922). The victim in this case was shot five times. One of the bullets penetrated his abdomen, perforating his liver, the right venal artery, and inferior vena cava. One hour after he was shot, he affirmatively indicated his belief that he was dying. This belief was expressed in the hospital emergency room as he was being attended by doctors and nurses. Under these circumstances, the trial court properly concluded that the declaration identifying the appellant was made when the victim believed that his death was imminent.

 Appellant next contends that the evidence presented, including the dying declaration, was insufficient to establish guilt of murder in the second degree. Appellant argues that the evidence is as consistent with voluntary manslaughter or self-defense as it is with murder in the second degree. We cannot agree. We have reviewed the record and must concur in the trial court's conclusion that "the record is devoid of any suggestion that the killing occurred during a fit of rage, terror, fear, or any emotional state which would reduce the slaying to a crime of passion. Similarly, there is no evidence that it was necessary to take the deceased's life in order to prevent serious bodily harm to the defendant or his companions." The record does establish the use of a

deadly weapon on a vital part of the victim's body. Malice, an essential requirement of murder in the second degree, may be inferred from that fact alone. *Commonwealth v. Palmer*, 448 Pa. 282, 292 A.2d 921 (1972).

Judgment of sentence affirmed.