384 A.2d 1202

**COMMONWEALTH of Pennsylvania**

**v.**

**Kenneth Wayne SMITH, Appellant.**

Supreme Court of Pennsylvania.

Argued May 24, 1977.

Decided March 23, 1978.

David Schaumann, McNeal & Schaumann, York (Court-appointed), for appellant.

Donald L. Reihart, Dist. Atty., Floyd P. Jones, York, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Kenneth Wayne Smith, was convicted by a jury of murder of the first degree. Post-verdict motions were denied and appellant was sentenced to life imprisonment. This appeal followed.

This case involves a conviction for murder of the first degree; therefore, we have an independent duty to review the sufficiency of the evidence. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187. The facts are as follows.

On November 17, 1973, Charles Jeffers, the victim, was lured into a residence at 315 S. Queen Street, York, by Suzanne Grendall. Waiting inside the home were appellant, Raymond Johnson and Derek Spells. Once the victim was inside the residence, he was shot in the chest and stabbed numerous times. Death was caused either by the shotgun wound in the chest, or a deep stab wound in the chest, or both. These wounds were inflicted by Johnson. Appellant,

however, was responsible for at least three stab wounds to the victim's arm, neck and stomach. A next door neighbor heard the victim scream, "Oh my God, now you have killed me, Kenny." Appellant admitted furnishing the gun and being a participant in the killing, but claimed he acted under duress.

In *Commonwealth v. Rose*, 463 Pa. 264, 267–68, 344 A.2d 824, 825–26 (1975), we stated:

> "The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. . . . Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. . . . The fact-finder is free to believe all, part, or none of the evidence." (Citations omitted.)

Viewing the record in light of this standard, we believe the evidence is sufficient to sustain appellant's conviction.

Appellant first complains that the trial court erred in admitting certain black and white photographs of the victim. In *Commonwealth v. Petrakovich*, 459 Pa. 511, 521, 329 A.2d 844, 849 (1974), we stated:

> "We have consistently held that the question of admissibility of photographs of a corpse in homicide cases is a matter within the discretion of the trial judge, and only an abuse of that discretion will constitute reversible error. . . . When the trial judge is confronted with gruesome or potentially inflammatory photographs, the test for determining their admissibility which he must apply is 'whether or not the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors.' . . . *A photograph which is not deemed to be inflammatory, however, may be admitted so long as it has relevance and can assist the jury's understanding of*

*the facts of the case before it."* (Citations omitted.) (Emphasis added.)

See *Commonwealth v. Scaramuzzino,* 455 Pa. 378, 317 A.2d 225 (1974).

We are of the opinion that the photographs in question were not inflammatory. The photographs were in black and white and were taken after the body and the wounds had been cleaned. There was no blood or other gruesome articles. We find that the pictures were not inflammatory.

Our next inquiry is to determine if the pictures were relevant. Appellant testified that he was acting under duress during the stabbing. To bolster this claim, appellant testified that he only slashed at the victim with his knife. The pathologist, with the aid of the photographs, was able to demonstrate to the jury that the wounds were inflicted with sufficient force to negate appellant's version of the incident. The photographs were thus properly admitted into evidence.

Appellant next argues that the court erred in allowing the prosecutor to comment to the jury that the death penalty was not involved in this case. Appellant claims that he was prejudiced, since this remark made it easier for the jurors to convict him of murder of the first degree, knowing that no death penalty was involved. We do not agree.

In *Commonwealth v. Speller,* 445 Pa. 32, 282 A.2d 26 (1971), the defendant argued that excluding jurors because of conscientious scruples against the death penalty led to a prosecution-prone jury. As we stated, "The premise upon which the argument is based is without persuasive foundation and is mere speculation." Id., 445 Pa. at 35, 282 A.2d at 28. In this case, we likewise reject appellant's converse argument as mere speculation.

Furthermore, the trial court stated in its opinion:

". . . It was particularly appropriate since many members of the panel had been questioned the preceding week with reference to another case where First Degree Murder was charged and the death penalty was possible, which had led to extensive interrogation by counsel for both the prosecution and defense. . . ."

We agree with the trial court's explanation and can find no error.

■ Appellant also claims that the trial court erred in telling the jury that the death penalty was not involved. The court offered this in way of explanation to the jurors of why murder of the third degree was not a permissible verdict.[1] We need not reach this issue, for the questioned portion of the charge was never objected to and, therefore, the issue is waived. Pa.R.Crim.P. 1119(b).

■ Appellant next complains of three instances of what he characterizes as prosecutorial misconduct. He first argues that reversal is required because of the following portion of the prosecutor's closing remarks:

"You will take with you Commonwealth's Exhibit # 11, which is proved beyond a reasonable doubt to be one of the weapons that killed Charles Jeffers."

While the prosecutor did state a conclusion, we believe if it was error, it was harmless at best. As we stated in *Commonwealth v. Story*, 476 Pa. 391, at 409, 383 A.2d 155 at 164 (1978):

". . . an error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. Whenever there is a ' "reasonable possibility" ' that an error ' "might have contributed to the conviction," ' the error is not harmless. *Commonwealth v. Davis*, 452 Pa. [171] at 178, 305 A.2d [715] at 719, quoting *Chapman v. California*, 386 U.S. [18] at 24, 87 S.Ct. [824] at 828, [17 L.Ed.2d 705.]"

In this case, there is no dispute that appellant used a knife to stab the victim. During his testimony, appellant admitted stabbing the victim. Defense counsel conceded as much during his closing, as appellant's defense was based on duress. In light of these facts, we believe the prosecutor's comment *in no way* contributed to the verdict.

1. As mentioned, some of these jurors were involved in a case involving the 1973 sentencing amendments to the Crimes Code. As these jurors were then informed of three degrees of murder, the court felt compelled to offer the explanation.

■ Appellant alleges another instance of prosecutorial misconduct when the prosecutor argued that the shotgun used as "His [appellant's] gun and Derek Spells' gun." Appellant argues that there was no evidence in the record to support this statement, as the shotgun had been stolen. Our review of the record makes it clear that the prosecutor was not speaking in terms of ownership, but rather of possession. Furthermore, during cross-examination, appellant admitted that he and Spells had possession of the gun. Appellant's claim is without merit.

■ Appellant challenges one other portion of the prosecutor's closing argument, where he believes the prosecutor gave an alleged impermissible personal opinion concerning appellant's guilt. As no objection was entered, this claim is waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Appellant also argues that the court erred in allowing the Commonwealth to introduce rebuttal testimony. Again, however, no objection was entered and this claim is also waived. *Commonwealth v. Clair, supra.*

Judgment of sentence affirmed.

ROBERTS, J., concurs in the result.

MANDERINO, J., files a dissenting opinion.

MANDERINO, Justice, dissenting.

The majority states that photographs of the victim, shown to the jury, are not inflammatory because the photographs were in black and white and the wounds had been cleansed. The majority then applies the standard test of relevancy and concludes the photographs were properly admitted into evidence. The majority does not find, as indeed it could not, that these photographs have essential evidentiary value. Hence, today's opinion is in direct and irreconcilable conflict with *Commonwealth v. Scaramuzzino*, 455 Pa. 378, 381, 317 A.2d 225, 226 (1974), where six members of this Court stated: "[T]he practice of admitting photographs of the body of the deceased, *unless they have essential evidentiary value, is condemned.*" (Emphasis added.) The test under

*Scaramuzzino* and earlier cases was that pictures of murder victims are never admissible until the trial court decides that this essential evidentiary value clearly outweighs the likelihood that the pictures will inflame the passions of the jury. See *also Commonwealth v. Powell,* 428 Pa. 275, 241 A.2d 119 (1968).

The majority justifies its result by citing *Commonwealth v. Petrakovich,* 459 Pa. 511, 329 A.2d 844 (1974). I remain convinced that *Petrakovich* misapplied this long established test, and was wrongly decided. *See id.* 459 Pa. at 526–27, 329 A.2d at 851–852. (Roberts & Manderino, JJ., dissenting). In my view, photographs of a corpse *are* per se inflammatory, and are properly admissible only if they have *essential evidentiary value.*

Applying that test to the facts of this case, it is clear the trial court abused its discretion in admitting these photographs. The pathologist testified as to the force and number of the stab wounds. The photographs were thus merely duplicitous, and could have been of little use to the jurors in resolving the factual issues in dispute. Under these circumstances, the value of the photographs was so slight that it was far exceeded by the photographs' prejudicial effect. The trial court abused its discretion in admitting the photographs. I would reverse the judgment and grant a new trial.