405 A.2d 923

**COMMONWEALTH of Pennsylvania**

v.

**Ralph Michael BOCCELLA, Appellant.**

Superior Court of Pennsylvania.

Argued May 7, 1979.

Decided June 1, 1979.

Petition for Allowance of Appeal Denied Oct. 3, 1979.

486

James P. McHugh, Chester, for appellant.

D. Michael Emuryan, Deputy District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On September 16, 1976, a jury found appellant, Ralph Michael Boccella, guilty of murder of the third degree and acquitted him of charges of murder of the first and second degrees and voluntary and involuntary manslaughter. After denying post verdict motions, the trial court imposed a sentence of imprisonment of 10 to 20 years and a fine of $1,000.00. Appellant contends that 1) the evidence was not sufficient to support the verdict; 2) dying declarations of the victim admitted into evidence should have been excluded; 3) the verdict was inconsistent; 4) a statement should not have been admitted into evidence; 5) a witness should not have been permitted to testify; 6) the court erred in refusing his points for charge; 7) the court's charge did not properly explain the need for unanimity and was confusing in other respects; and 8) the court erred in refusing to grant a Rule to Show Cause why a hearing should not be held to allow defense counsel to question a witness not presented by the Commonwealth. We affirm.

At 5:15 A.M. on March 6, 1976, Mr. and Mrs. McCammon, neighbors of the victim, Cheryl Ann Smith, discovered her nude, covered with blood and moaning on their doorstep. She had been stabbed twice in the abdomen, causing severe hemorrhaging and bleeding. During the next 90 minutes, before entering emergency surgery, Smith, questioned by the McCammons, police officers, an ambulance corpsman she knew and a nurse, repeatedly identified appellant as her assailant. To one officer, she gave appellant's address, about one mile away, and said he had placed a pillow over her head, stabbed her and then run away. She described him accurately as medium to skinny build, with brown, curly type hair and wearing dungarees, a blue shirt and a brown,

---

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

leather type jacket. Although a search of appellant's residence later failed to reveal the jacket, a local police officer testified at trial that he had seen appellant wearing a brown leather jacket the day before the incident. Medical testimony placed the stabbing at between 4:00 and 5:00 A.M. Smith died at 11:30 that morning. Appellant presented an alibi defense. We find the evidence sufficient to sustain the verdict of guilty of murder of the third degree. See *Commonwealth v. Hinchcliffe,* 479 Pa. 551, 388 A.2d 1068 (1978) (use of deadly weapon on vital part of body justified finding of guilty of murder of third degree); *Commonwealth v. Riggins,* 478 Pa. 222, 386 A.2d 520 (1978) (dying declarations of victim sufficient to support conviction for murder); *Commonwealth v. Gause,* 459 Pa. 595, 330 A.2d 856 (1975) (same); *Commonwealth v. Roots,* 452 Pa. 535, 306 A.2d 873 (1973) (stabbing of vital organs, causing massive hemorrhaging, supported conviction of murder of second degree.)

From the time the McCammons discovered her until the time she entered surgery, Smith continually asked whether she was dying. She knew she had been badly injured. She told one officer that she felt herself growing weaker and was afraid she was dying. Typical of her comments was "Help me. I can feel myself dying. I am really getting weaker. Please help me." Smith's statements implicating appellant were properly admitted as dying declarations. See *Commonwealth v. Stickle,* 484 Pa. 89, 398 A.2d 957 (1979); *Commonwealth v. Cooley,* 465 Pa. 35, 348 A.2d 103 (1975); *Commonwealth v. Gause,* supra.

Appellant argues that the verdict of guilty of murder of the third degree is inconsistent with the finding of not guilty of murder of the first or second degrees and of voluntary and involuntary manslaughter. Assuming any inconsistency in the verdict, appellant is entitled to no relief on that basis. *Commonwealth v. Carter,* 444 Pa. 405, 282 A.2d 375 (1971).

All the other issues appellant here raises were not included in his post verdict motions. They are therefore not

preserved for appellate review. *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975). Appellant did raise them in his brief submitted to the post verdict court, but the court, in accordance with *Waters* and *Blair,* properly refused to consider them. We accordingly do not reach the merits of these issues.

Judgment of sentence affirmed.