Commonwealth *v.* Smith, Appellant.

Argued May 21, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

640

*Charles O. Barto, Jr.,* Assistant Public Defender, for appellant.

*Wallace B. Eldridge, III,* Assistant District Attorney, with him *Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 16, 1974:

Following a joint trial by jury, appellant and a codefendant were found guilty of murder in the first degree and sentenced to life imprisonment. On this direct appeal from the judgment of sentence,[1] appellant attacks the sufficiency of the evidence and challenges three rulings by the court during trial. Finding appellant's contentions unpersuasive, we affirm.

The Commonwealth's evidence established that on January 15, 1972, George Fautz, a barber, was brutally beaten and robbed in his Harrisburg shop. Later that day, appellant on two separate occasions discussed the incident with friends. He told them that he entered the shop, asked if Fautz was hiring any barbers, and upon receiving a negative answer repeatedly struck the deceased with an eighteen-inch club he was carry-

---

[1] Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1974).

ing on his person, and robbed him. On the first of these occasions, appellant showed a witness a wallet containing about $60.00.

The victim, who died four days later as the result of a skull fracture and massive hemorrhaging of the brain, stated before his death that two men entered his shop and asked if he was hiring. He told them that he was not, turned, and later awoke to discover that his wallet, which contained about $60.00, was missing. Fautz's description of his assailants matched the defendants. The victim's statements were admitted at trial as hearsay exceptions, see *Commonwealth v. Edwards,* 431 Pa. 44, 244 A.2d 683 (1968), and their admission is not here challenged.

Appellant testified at trial that he was present in the barbershop, but that he neither struck nor robbed the deceased. His defense was a denial of guilt and an attack on the credibility of Commonwealth witnesses. Presently appellant maintains that his denials should have been believed, the testimony of Commonwealth witnesses discredited, and a reasonable doubt as to his guilt raised in the minds of the jurors. We cannot agree.

"[I]t is the exclusive province of the trier of facts to pass upon the credibility of witnesses and the weight to be accorded their testimony." *Commonwealth v. Garvin,* 448 Pa. 258, 269, 293 A.2d 33, 39 (1972). And the factfinder "can believe all, part or none of the evidence presented." *Commonwealth v. Williams,* 450 Pa. 158, 162, 299 A.2d 643, 645 (1973). Here the jury, as was its province, chose to believe the Commonwealth's witnesses and to reject appellant's version of the facts.

In passing upon the sufficiency of the evidence, an appellate court must scrutinize the entire record, viewing the evidence in the light most favorable to the verdict-winner, here the Commonwealth. *Commonwealth v. Lee,* 450 Pa. 152, 154, 299 A.2d 640, 641

(1973). So viewing the record, we are satisfied that the jury could reasonably have found that appellant repeatedly struck the deceased during the perpetration of robbery, causing his death. The evidence is therefore sufficient to sustain the jury's finding that appellant committed murder in the first degree. Act of June 24, 1939, P.L. 872, § 701, as amended, 18 P.S. § 4701 (1963) (now 18 Pa. C.S. § 2502(a) (1973)); *Commonwealth v. Hill,* 457 Pa. 1, 319 A.2d 886 (1974); *Commonwealth v. Yuknavich,* 448 Pa. 502, 295 A.2d 290 (1972).

Appellant's second claim concerns the denial of his motion for severance. After the case was called to trial and immediately before the jury was selected, each defendant moved orally for a separate trial; these motions were denied. The same witnesses and same evidence were used against both defendants in their joint trial.

Rule 304 of the Pennsylvania Rules of Criminal Procedure authorizes pretrial applications for severance.[2] However, with exceptions not here applicable, "no pretrial application shall be considered if made less than ten days before trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application." Pa. R. Crim. P. 305. In this case, there is no suggestion in the record that the opportunity to file applications for separate trials did not earlier exist or that appellant or his counsel were unaware of the possible grounds for

---

[2] The Commonwealth erroneously cites rule 219(d) of the Pennsylvania Rules of Criminal Procedure as the rule permitting severance of and separate trials for defendants scheduled to be tried jointly. Rule 219(d), however, refers only to severance of counts in an indictment or of defendants jointly charged in a single indictment. Here, each defendant was separately indicted. See Pa. R. Crim. P. 219(c).

severance. Consequently, appellant's failure to timely move for a separate trial precludes relief on this claim.[3]

Third, appellant urges that he should have had access to the district attorney's investigative report containing biographical data on the prospective jurors. The prosecution was using this report during jury selection and appellant asked to examine the report after four jurors were selected. His request was denied.

In *Commonwealth v. Foster*, 219 Pa. Superior Ct. 127, 133, 280 A.2d 602, 605 (1971), the Superior Court examined this precise issue and unanimously held that absent exceptional circumstances or compelling reasons —and none were here shown—such reports were not subject to defense discovery. We agree with that court's reasoning and find no merit in appellant's assertion of error. The ABA Project on Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial § 2.6, Commentary at 91 (Approved Draft, 1970), specifically provides that "memoranda between personnel in the [prosecutor's] office on . . . prospective jurors" are protected from disclosure to the defense.

Finally, it is contended that reversible error was committed when the prosecution asked a defense witness a question which, it is asserted, may have created in the minds of the jurors an impression that appellant had previously been convicted of crime. The record indicates that appellant was, in fact, a first offender. Appellant's mother was called by the defense as a character witness and testified that her son had never "been in trouble before." Over objection, the prosecution

---

[3] In a prosecution for murder, a *timely* motion for severance should, however, be granted. Act of March 31, 1860, P.L. 427, § 40, 19 P.S. § 785 (1964) ; *Commonwealth v. Stukes*, 435 Pa. 535, 547, 257 A.2d 828, 833 (1969) ; cf. *Commonwealth v. Martinolich*, 456 Pa. 136, 141 n.3, 318 A.2d 680, 683 n.3, cert. denied, 419 U.S. 1065, 95 S. Ct. 651 (1974).

asked on cross-examination, "Has [appellant] ever been charged with any crimes and convicted of them?" The witness answered, "No."

We fully agree with appellant that questions which imply the existence of an unsupported factual predicate and which attempt to create impression of guilt through innuendo may not be asked. *Commonwealth v. Conner*, 445 Pa. 36, 39, 282 A.2d 23, 25 (1971) ; *Commonwealth v. Neill*, 362 Pa. 507, 517-18, 67 A.2d 276, 281 (1949) ; *Commonwealth v. Hill*, 223 Pa. Superior Ct. 42, 43, 296 A.2d 860, 861 (1972) ; ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function § 5.7(d) (Approved Draft, 1971). However, as we read this record, we are not convinced that this isolated question on cross-examination and its answer, particularly in view of the character witness' direct testimony, were calculated to generate an impression of guilt. Nor may it reasonably be said that the challenged question deprived appellant of a fair and impartial trial. Cf. *Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973).

Judgment of sentence affirmed.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

The Act of March 31, 1860, P. L. 427, §40, 19 P.S. §785 (1964), cited by the majority, 457 Pa. at 643 n.3, provides in pertinent part : "In all cases in which two or more persons are jointly indicted for any offense, it shall be in the discretion of the court to try them jointly or severally, except that *in cases of felonious homicide, the parties charged shall have the right to demand separate trials. . . .*" (Emphasis supplied.) Thus, defendants charged with felonious homicide, such as the appellant, in contradistinction to all other defendants, have an unconditional right to severance.

While it is true that Pennsylvania Rules of Criminal Procedure 304 and 305, 19 P.S. Appendix (Supp.

1974-5), stipulate that pre-trial applications shall be in writing and shall be made at least ten days before trial, it is my opinion that these rules pertain to matters wherein the trial court has discretion to grant or refuse the application. Where, as here, by statute the court cannot but grant the motion, I think it improper to apply the time limit which our rule imposes.

Rule 305 itself is not couched in absolute terms. It provides in pertinent part: ". . . no pretrial application shall be considered if made less than ten days before trial *unless* opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application." (Emphasis added.) While it is not altogether clear, it appears that neither the defendant nor his attorney was aware that the defendant had an absolute right to severance. Both counsel's brief and appellant's own "supplemental brief" filed with this Court assume that the granting of a severance in this case was a matter of discretion for the trial court. Apparently, even the trial court made this same assumption, for in its opinion denying the defendant's post-trial motions, the Court points out that in consolidating the bills of indictment and trying them together, it did so in the exercise of its discretion.

While the Act of 1860, *supra,* by its terms purports to apply only to cases where "two or more persons are *jointly indicted*" (emphasis added), it should make no difference whether the defendant and his co-defendant were indicted on the same bill or were separately indicted: the same rule requiring severance should apply. Apparently, this was the interpretation given this stattute by this Court in *Commonwealth v. Stukes,* 435 Pa. 535, 257 A.2d 828 (1969), wherein we said that all defendants charged with a murder have the "right to be tried independently." 435 Pa. at 547.

Accordingly, whether or not prejudice resulted from the joint trial, it is my opinion that, the point having been properly preserved, a new trial should be granted.