334 A.2d 255
COMMONWEALTH of Pennsylvania
v.
William MURRAY, Appellant.

Supreme Court of Pennsylvania.

Submitted Nov. 11, 1974.

Decided March 18, 1975.

606

Lee Mandell, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Carolyn Engel Temin, Asst. Dist. Attys., Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

■ Appellant William Murray was convicted after trial without a jury of murder in the second degree for the stabbing death of Hazel Smith. After the denial of appellant's motion for a new trial and in arrest of judgment,[1] he was sentenced to serve a six-to-twenty year term of imprisonment. On this direct appeal,[2] we affirm.

1. Appellant's motion consisted solely of a boiler-plate challenge to the sufficiency of the evidence. Therefore, we do not address his present claim that a statement which he gave to detectives was erroneously introduced into evidence because not voluntarily made. *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974); see *Commonwealth v. Clair*, Pa., 326 A.2d 272 (1974).

2. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1974).

Appellant contends that the evidence was insufficient to sustain a conviction of murder in the second degree. He argues that the Commonwealth failed to prove the malice necessary to constitute murder, and that he presented evidence sufficient to prove that he acted in self-defense. Our review of the record persuades us that this contention is meritless.

■ The evidence, viewed in the light most favorable to the Commonwealth,[3] discloses that, in the afternoon of June 28, 1972, Smith, appellant's son-in-law, sought and received permission to imbibe some wine from a bottle that appellant had purchased earlier in the day. After performing several errands, appellant returned to find his bottle entirely consumed. This discovery precipitated an argument that was concluded when appellant plunged a knife into Smith's chest, causing his death.

■ The standard of review we are to employ is well settled.

"The test of the sufficiency of the evidence is whether, accepting as true all of the evidence and all reasonable inferences therefrom upon which if believed the [fact-finder] could have based [his] verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime for which he has been convicted."

*Commonwealth v. McFadden,* 448 Pa. 277, 281, 292 A.2d 324, 326 (1972).

■ Appellant recognizes that his argument that the Commonwealth failed to prove that the killing was malicious is undermined by the well-established principle that a fact-finder may permissibly infer the existence of malice from the intentional use of a deadly weapon on a vital part of the body. See *Commonwealth v. Boyd,* 461 Pa.

3. *Commonwealth v. Smith,* 457 Pa. 638, 639, 326 A.2d 60, 61 (1974); *Commonwealth v. Lee,* 450 Pa. 152, 154, 299 A.2d 640, 641 (1973).

——, ——, 334 A.2d 610, 613 (1975); *Commonwealth v. Roots*, 452 Pa. 535, 541, 306 A.2d 873, 877 (1973); *Commonwealth v. Robinson*, 452 Pa. 316, 323, 305 A.2d 354, 358 (1973); *Commonwealth v. Paquette*, 451 Pa. 250, 256, 301 A.2d 837, 840 (1973); *Commonwealth v. Oates*, 448 Pa. 486, 491, 295 A.2d 337, 339 (1972); *Commonwealth v. Palmer*, 448 Pa. 282, 288, 292 A.2d 921, 923 (1972). Citing *Commonwealth v. Wucherer*, 351 Pa. 305, 41 A.2d 574 (1945), and *Commonwealth v. Kluska*, 333 Pa. 65, 3 A.2d 398 (1939), appellant responds that the inference of malice is rebuttable and has in fact been rebutted in this case.

The inference of malice is clearly only a permissible one. A fact-finder is permitted to draw it or, even absent rebuttal evidence, not draw it. See generally W. LaFave & A. Scott, Handbook on Criminal Law § 68, at 536–37 (1972). But the decision whether to draw the inference of malice rests with the fact-finder, not an appellate court. It is the province of the trier of facts to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Smith*, 457 Pa. 638, 639, 326 A.2d 60, 61 (1974); *Commonwealth v. Paquette*, 451 Pa. 250, 257, 301 A.2d 837, 841 (1973); *Commonwealth v. Garvin*, 448 Pa. 258, 269, 293 A.2d 33, 39 (1972). The fact-finder is free to believe all, part, or none of the evidence. *Commonwealth v. Smith*, supra; *Commonwealth v. Roots*, 452 Pa. 535, 541, 306 A.2d 873, 877 (1973); *Commonwealth v. Williams*, 450 Pa. 158, 162, 299 A.2d 643, 645 (1973); *Commonwealth v. Oates*, 448 Pa. 486, 490, 295 A.2d 337, 339 (1972). In particular, the trier is permitted to disbelieve a defendant's assertion that he acted without malice. *Commonwealth v. Boyd*, 461 Pa. ——, ——, 334 A.2d 610, 613 (1975); *Commonwealth v. Robinson*, 452 Pa. 316, 323, 305 A.2d 354, 358 (1973). Here the trial court acted within its province as trier of the facts in choosing to disbelieve appellant's testimony that he did not intend to

harm the deceased but acted solely in response to the deceased's provocative "hounding" and to draw the inference of malice.

■ These principles of appellate review require a similar resolution of appellant's claim that he presented sufficient evidence of self-defense. The fact-finder was free to disbelieve appellant's testimony that he acted solely to free himself from a beating being administered by the deceased and to credit the testimony of a Commonwealth witness that Smith did not physically attack appellant. See *Commonwealth v. Sherard,* 456 Pa. 505, 321 A.2d 372 (1974); *Commonwealth v. Roots,* 452 Pa. 535, 541, 306 A.2d 873, 877 (1973).

We conclude that the evidence is sufficient to sustain the trial court's finding that appellant committed murder in the second degree.

Judgment of sentence affirmed.