344 A.2d 824

**COMMONWEALTH of Pennsylvania**

v.

**Amos Paul ROSE, Appellant.**

Supreme Court of Pennsylvania.

Argued April 9, 1975.

Decided Oct. 3, 1975.

James M. McNamara, Public Defender, Doylestown,. for appellant.

Stephen B. Harris, First Asst. Dist. Atty., Kenneth G. Biehn, Dist. Atty. of Bucks County, Doylestown, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Amos Paul Rose was convicted on May 30, 1972 in a jury trial of murder in the first degree and sentenced to life imprisonment. On direct appeal this Court reversed and remanded for a new trial. *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974). We held that the trial court erred in instructing the jury that the defendant bore the burden of proving intoxication sufficient to lower the crime from first to second degree murder.

On remand, appellant pled guilty to murder generally. At the degree of guilt hearing, the Commonwealth and the defense stipulated to certain evidence from the preceding trial. In addition, the defense presented expert testimony on the effect of defendant's level of intoxication on his mental state at the time of the shooting. The court found appellant guilty of murder in the first degree and sentenced him to life imprisonment. This direct appeal ensued.[1] We affirm.

Appellant argues that the Commonwealth's evidence is insufficient to prove beyond a reasonable doubt an essential element of murder in the first degree, the intent to kill.[2] Specifically, he contends that the evidence of in-

1. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975).

2. Murder in the first degree includes any willful, deliberate, and premeditated killing. The intent to kill must be read to include

toxication presented at the degree of guilt hearing is inconsistent with such a finding and requires reversal.

The evidence shows that at the time of the murder appellant's blood alcohol content was approximately twenty-four hundredths of one percent.[3] The record contains testimony by two experts on the effect of such concentration on the appellant's mental state. Dr. Frederick Rieders, a toxicologist called by the Commonwealth at the trial, stated that he could not express an opinion on the matter because the effect would vary depending upon the individual and the circumstances involved. He further stated that if a person is able to perform highly skillful tasks, which are not conditioned reflexes, then the depressive effect of alcohol has not gone to the point of preventing the "appropriate associated thinking processes." Stanley J. Broskey, a forensic scientist called by the defense, took issue with this testimony, stating that any person thus intoxicated would be unable to form a specific intent to kill. There is also testimony concerning defendant's actions before and after the shooting tending to show an awareness of his actions and of the circumstances of the shooting and an attempt to avoid detection.

The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences

all three of these requirements. Act of June 24, 1939, P.L. 872, § 701, as amended (formerly codified in 18 P.S. § 4701). Repealed by Act of December 6, 1972, P.L. 1641, No. 334 § 1. Reenacted as 18 P.S. § 2502 (Supp.1975).

3. Appellant notes that this is more than twice the level established in the Vehicle Code to raise a presumption of being under the influence. See Act of April 29, 1959, P.L. 58, § 624.1(c)(3), as amended, 75 P.S. § 624.1(c)(3). However, the issue here is whether defendant was so intoxicated as to be unable to form an intent to kill. The Vehicle Code section may be a guide for understanding blood alcohol concentrations as it relates to one's driving ability. It cannot be used to form a presumption of lack of intent to kill, an issue the legislature did not intent to address.

favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. *Commonwealth v. Robson,* 461 Pa. 615, 625, 337 A.2d 573, 578 (1975); *Commonwealth v. Boyd,* 461 Pa. 17, 24, 334 A.2d 610, 613 (1975); *Commonwealth v. Murray,* 460 Pa. 605, 608, 334 A.2d 255, 257 (1975). Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Robson,* supra; *Commonwealth v. Murray,* supra; *Commonwealth v. Smith,* 457 Pa. 638, 326 A.2d 60, 61 (1974); *Commonwealth v. Paquette,* 451 Pa. 250, 257, 301 A.2d 837, 841 (1973). The fact-finder is free to believe all, part, or none of the evidence. *Commonwealth v. Robson,* supra; *Commonwealth v. Smith,* supra.

█ █   Evidence of substantial intoxication is submitted for the consideration of the fact-finder. If believed, it may negate the intent to kill necessary for a conviction of murder in the first degree, and a defendant is entitled to an instruction to that effect. *Commonwealth v. Rose,* supra; *Commonwealth v. Duncan,* 437 Pa. 319, 263 A.2d 345 (1970). However, such evidence creates no new presumption for the defendant and imposes no new burden on the Commonwealth. As with other defense evidence, the Commonwealth may offer any relevant evidentiary response that it chooses. In *Rose* we stated:

> "[The burden to prove the specific intent to kill] is neither increased nor diminished by an attempt by a defendant to disprove the element of intent by a showing of lack of capacity, due to intoxication, to form such an intent. Whether the Commonwealth will, in a particular case, elect to carry that burden without introducing evidence to negate the existence of a disabling condition of intoxication, . . . will be for it

to decide; as in every case, the risk of non-persuasion remains with the Commonwealth."

457 Pa. at 389, 321 A.2d at 884.

Here, the Commonwealth introduced evidence to establish that appellant, despite his intoxicated state, had the intent to kill at the time of the shooting. There is clearly sufficient evidence to support such a finding of fact, and it is not for us to reweigh the evidence presented to the hearing court.

Judgment of sentence affirmed.