431 A.2d 224

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jeffrey S. CHASE, Appellant.**

Supreme Court of Pennsylvania.

Argued April 29, 1981.

Decided July 2, 1981.

Taylor P. Andrews, Public Defender, for appellant.

Edgar B. Bayley, Dist. Atty., Theodore Smith, III, J. Michael Eakin, Asst. Dist. Attys., for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

214

FLAHERTY, Justice.

On September 22, 1976, in the Court of Common Pleas of Cumberland County, the appellant Jeffrey S. Chase, was convicted of burglary. An appeal was taken to the Superior Court, and the judgment of sentence was affirmed.[1] Subsequently, this Court granted a petition for allowance of appeal.

Appellant and a co-defendant were arrested at the scene of a burglary. At the time of the arrest, police officers discovered an unlicensed firearm and certain stolen property, not connected with the instant burglary, in the co-defendant's vehicle parked nearby. Appellant was subsequently indicted for burglary, and the co-defendant was indicted for possession of an unlicensed firearm and for receiving stolen property. Both indictments were consolidated for trial.

Five days prior to trial, appellant filed a motion to sever the indictments, contending that he would be prejudiced by being tried on the common count of burglary while the co-defendant was also being tried on the firearms and stolen property charges, which arose from the same arrest, but which were not related to the burglary. The motion for severance was denied by the trial court because, inter alia, the motion was untimely. At the ensuing jury trial, appellant was convicted of burglary.

■ Under the Rules of Criminal Procedure in effect at the time of appellant's trial, pretrial applications for severance were authorized by Pa.R.Crim.P. 304. *Commonwealth v. Smith*, 457 Pa. 638, 326 A.2d 60 (1974). However, Pa.R. Crim.P. 305 provided that "no pretrial application shall be considered if made less than *ten* days before trial unless opportunity therefore did not exist or the defendant or his

1. *Commonwealth v. Chase*, 261 Pa.Super. 514, 396 A.2d 19 (1978).

attorney was not aware of the grounds for the application."
(Emphasis added).[2]  In the instant case, the motion to sever
was filed *five* days before trial, and there is no suggestion in
the record that the opportunity to file application for sepa-
rate trials did not earlier exist or that appellant or his
counsel was not aware of the possibility of requesting a
severance.   Hence, appellant's failure to make a timely
motion for a separate trial precludes relief on this claim.
*Commonwealth v. Smith,* supra;  See *Commonwealth v.
Baines,* 480 Pa. 26, 30, 389 A.2d 68, 69 (1978);  *Common-
wealth v. Brown,* 462 Pa. 578, 586, 342 A.2d 84, 88 (1975).

■   Appellant's second claim is that the trial court erred
in denying a mistrial after a co-defendant testified on direct
examination that he gave the handbag to appellant in order
for appellant to search through the handbag for names
which might have been associated with a fire that occurred
at the co-defendant's house.   Appellant contends that since
the co-defendant testified that he took the handbag from
the living room of a third person's residence, the further
testimony that appellant searched the handbag for names
implicated the appellant in another crime, with which he
was not charged, and which had the effect of tainting the
trial.   The appellant's claim notwithstanding, there was no
prejudice here because there was no indication in the testi-
mony that appellant was aware that the handbag had been
stolen.   As the trial court found, "the evidence shows only
that Chase went through the handbag.   It does not reflect
directly on Chase's character or propensity to break the law
. . . ."   See *Commonwealth v. Smith,* 454 Pa. 515, 520, 314
A.2d 224, 226 (1973).   Hence, this claim is without merit.

Judgment of sentence affirmed.

O'BRIEN, C. J., did not participate in the consideration or
decision of this case.

2.  Effective January 1, 1978, Rule 305 was rescinded and replaced by
Pa.R.Crim.P. 307, which sets forth different time limitations.