**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Max F. ROSARIUS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 7, 2000.

Filed March 19, 2001.

---

Stephen M. Farino, Pittsburgh, for appellant.

Michael W. Streily, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before: DEL SOLE, LALLY–GREEN and BROSKY, JJ.

DEL SOLE, J.:

¶ 1 Appellant Max F. Rosarius was convicted of speeding for traveling 68.5 miles per hour in a posted 40 mile per hour zone. We affirm.

¶ 2 Hampton Township police officer Randy McAllister was in a parked patrol car at Castle Town Square on Route 8. When Appellant's vehicle passed across a speed timing line, Officer McAllister activated an Acu Trac handheld timing device then deactivated it when Appellant crossed a second speed timing line. Appellant's speed was measured at 68.5 miles per hour.

¶ 3 On this appeal, Appellant raises three issues:

1. Whether delay caused by the failure of the trial Court to file an opinion more than 18 months after the notice of appeal violated the defendant's right of due process?

2. Whether the trial Court committed prejudicial error by excluding and/or

disregarding evidence during the course of trial?

3. Whether the trial Court's determination that the Commonwealth proved beyond a reasonable doubt that the defendant was driving at 68 miles per hour, was supported by the evidence and applicable law?

Appellant's Brief at 5.

█ ¶ 4 Appellant first complains that the trial court's failure to promptly file an opinion violated his due process rights. Appellant filed his timely notice of appeal on December 28, 1998. On January 29, 1999, pursuant to the trial court's order, Appellant filed his statement of matters complained of on appeal. The trial court filed its opinion on July 20, 2000, and the record was transmitted to this court on August 1, 2000. Appellant contends that this 18 month delay in filing an opinion, which caused the delay in transmitting the record, was such a violation of due process as to require that we reverse his conviction. We disagree.

¶ 5 Appellant relies primarily on *Burkett v. Fulcomer*, 951 F.2d 1431 (3rd Cir.1991), *cert. denied, Haberstroh v. Burkett,* 505 U.S. 1229, 112 S.Ct. 3055, 120 L.Ed.2d 921 (1992). In that case, Burkett had experienced numerous delays in his criminal case in Blair County. Among these delays were a 29–month delay between conviction and sentencing and a 10–month delay in preparing the trial court opinion.[1] The court analyzed these delays using the four-part test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), examining (1) the length of the delay, (2) the cause of the delay, (3) the defendant's assertion of the right, and (4) the resulting prejudice to the defendant. As all four factors weighed against the Commonwealth, the court found that Burkett was denied due process. We are unable to come to the same conclusion in Appellant's case as we do not find sufficient prejudice to constitute a due process violation.

█ ¶ 6 To establish a due process violation because of delay in the appellate process, Appellant must prove not only that his cause was prejudiced by the delay but also that the state's action in causing or allowing the delay was "fundamentally unfair." *Commonwealth v. Greer,* 382 Pa.Super. 127, 554 A.2d 980 (1989). This prejudice is defined as affecting the various interests in facilitating prompt appeals which are: (1) preventing oppressive incarceration pending appeal; (2) minimizing the anxiety of persons awaiting the outcome of the appeal; and (3) limiting the possibility that grounds for appeal, or defenses in the event of reversal and retrial, will be impaired. *Commonwealth v. Glass,* 526 Pa. 329, 586 A.2d 369 (1991). Here the only prejudice alleged is that Appellant's insurance premiums have increased and he has been caused anxiety because of having five points assessed against his driving record. Since Appellant was convicted of an offense which does not call for incarceration, the first concern is not present. Appellant does not allege that any grounds for appeal have been denied him because of the delay and indeed we deal with each of the claims Appellant raises in this appeal. Moreover, Appellant does not allege that the delay would cause any trial impairment in the event we were to grant a new trial. Any anxiety which Appellant

---

1. These were not the only problems in Burkett's case. Indeed, the court set forth at length the "travails" of Burkett who was arrested on April 13, 1982, and tried on January 26, 1983, but was not sentenced until June 24, 1985, apparently in response to an order from the United States District Court. Burkett had been continuously incarcerated since his arrest but was given no credit for time served.

may have suffered due to having points assessed on his driving record is insufficient to establish the requisite prejudice to establish a due process violation.

¶ 7 Appellant next claims the trial court erred in its evidentiary rulings. Appellant first contends the trial court erred in excluding as hearsay his testimony regarding his measurements of the distances between the timing lines. While we agree with Appellant that this testimony is not hearsay, *see Commonwealth v. Pollock,* 414 Pa.Super. 66, 606 A.2d 500 (1992), we conclude that any error in excluding it was harmless. Appellant sought to testify that he measured the distance between the lines at 170 feet in the northbound lane and 172 feet in the southbound lane. As Appellant was traveling in the northbound lane, the trial court had previously ruled that evidence of the southbound lane was irrelevant. Appellant now argues that his evidence would ultimately have established that the Acu–Trac device was improperly calibrated for the southbound lane. However, when Appellant cross-examined the officer as to the device's calibration, the officer stated that it was calibrated for .032 mile or roughly 169 feet. Appellant's proffer of the minimal one-foot difference would not have made any appreciable difference in the speed obtained by the officer. Thus, any error in excluding this evidence was harmless. *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978) (error is harmless if it could not have contributed to verdict).

¶ 8 Appellant next complains that the court excluded cross-examination of the police officer regarding the elapsed time difference between the timing lines at speeds of 45 miles per hour and 68 miles per hour was approximately nine-tenths of a second. This claim is contradicted by the record. When the Commonwealth objected to Appellant's question to the officer, the court stated it probably was relevant and the court could even take judicial notice as it was simply a matter of doing the math. After a discussion between the court and defense counsel, counsel did not renew his questioning, but stated he had no more questions for the officer. N.T., 12/2/98, at 9–11. Thus, the record shows that Appellant's counsel abandoned this line of questioning not that the trial court precluded Appellant from proceeding.

¶ 9 Appellant's final evidentiary claim is that the trial court erred in refusing to admit his photographs. The admission or exclusion of evidence is within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion. *Catina v. Maree,* 272 Pa.Super. 247, 415 A.2d 413 (1979). These photographs were introduced in an effort to show where the officer's car was stationed when he was operating the Acu Trac device. However, the officer testified that these particular photographs did not accurately depict the area where he was. N.T., 12/2/98, at 4. There was, therefore, no abuse of discretion in refusing to admit the photographs.

¶ 10 Appellant's final claim is that the evidence was insufficient to support the verdict. In reviewing a sufficiency of the evidence claim, we view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. *Commonwealth v. Rose,* 463 Pa. 264, 344 A.2d 824 (1975). Here the Commonwealth's evidence established that Officer McAllister, using an approved speed timing device, measured Appellant's speed at 68.5 miles per hour in a 40 mile per hour zone. This evidence is more than sufficient to establish that Appellant was speeding.

¶ 11 Judgment of sentence affirmed.