411 A.2d 800

**COMMONWEALTH of Pennsylvania**

v.

**Cleveland Orlando CLARK, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 1979.

Filed Oct. 12, 1979.

Petition for Allowance of Appeal Denied Dec. 2, 1979.

442

John H. Corbett, Jr., Assistant Public Defender, Chief, Appeals Division, and with him David G. Metinko, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, LARSEN and LAVELLE, JJ.*

* Justice ROLF LARSEN of the Supreme Court of Pennsylvania, and Judge JOHN E. LAVELLE of the Court of Common Pleas of Schuylkill County, Pennsylvania, are sitting by designation.

VAN der VOORT, Judge:

On January 4, 1978, at approximately 2:30 A.M., police responded to a phone call informing them of a domestic disturbance occurring in a house on Bedford Avenue in Pittsburgh. The police were admitted to the house by appellant Cleveland Orlando Clark. After interviewing the owner of the house, 59-year old Bernice Fennell, the police permitted appellant to leave the premises, and persuaded Ms. Fennell to accompany them to Central Medical Pavilion Hospital for treatment of the injuries (a stab wound in the right buttock and various bruises) which she had sustained during the quarrel with appellant. Ms. Fennell underwent surgery for a cut ureter, developed complications, and, on January 27, 1978, died.

Appellant was arrested on January 31, 1978, charged with murder in the first degree, murder in the third degree, and voluntary manslaughter. The indictment was later amended to include involuntary manslaughter, and the charge of first degree murder was dismissed. Appellant was tried non-jury, was found guilty of third degree murder, and was sentenced on August 3, 1978, to serve a term of ten to twenty years imprisonment. The case is before us on direct appeal.

Appellant first argues that the trial court erred in inferring malice on the part of the defendant, since the Commonwealth introduced into evidence as part of its own case a confession given by appellant to the police, which confession included a denial of appellant's intent to kill the victim. We find no merit to this argument.

Section 2501 of the Crimes Code sets forth three types of criminal homicide: murder, voluntary manslaughter, and involuntary manslaughter. Although the Crimes Code sets forth three types of murder, it does not specifically define third degree murder, except to state, § 2502, that all types of murder which are not first or second degree murder shall be murder of the third degree. Since the Code does not define third degree murder, our Supreme Court has

looked to the common law, and has determined that malice is an element of third degree murder. *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977). One means of showing malice is proving that a defendant used a dangerous weapon on a vital part of another's body. *Commonwealth v. O'Searo*, 466 Pa. 224, 236, 352 A.2d 30, 36 (1976). In the case before us, the evidence indicated that appellant stabbed the victim in the right buttock to a depth of seven and one quarter inches, penetrating the abdominal cavity and almost totally severing the right ureter. We agree with the lower court that this constituted the use of a dangerous weapon on a vital part of another's body, and that this was sufficient evidence of malice to sustain the third degree murder conviction. The fact that appellant's confession contained statements that were partly exculpatory is of no import. The trier of fact is free to disbelieve a defendant's assertion that he acted without malice. *Commonwealth v. Murray*, 460 Pa. 605, 609, 334 A.2d 255, 257 (1975).

Appellant's only other argument is that the Commonwealth failed to prove to a medical certainty the appropriate causation between the stab wound and death, and that the evidence presented by the Commonwealth established that death was in fact caused by an intervening cause, pulmonary embolism. We find no merit to this argument.

Testimony of the coroner who examined the victim's body, and of the physician who treated the victim prior to her death, taken together, showed that death resulted from several factors, including peritonitis, broncho-pneumonia, pyelonephritis, and pulmonary embolism, all of which resulted from the stab wound and other blows to the flank and from the surgery which was necessitated by the stabbing. We find that the Commonwealth sufficiently established the chain of causation between the wounds inflicted by appellant and the victim's eventual death. *Commonwealth v. Hicks*, 466 Pa. 499, 353 A.2d 803 (1976).

Judgment of sentence affirmed.