J-S25020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT M. ANDERSON | |
| Appellant | No. 2117 EDA 2015 |

Appeal from the Judgment of Sentence June 26, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013588-2013

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 13, 2017**

Appellant, Robert M. Anderson, appeals from the judgment of sentence of twenty to forty years of incarceration, imposed June 26, 2015, following a jury trial resulting in his conviction for third degree murder.[1]  We affirm.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 6/9/16 at 1-7.

On July 13, 2013, Daimeen Walker and Josiah McClarence were involved in an altercation with Giovanni Bain and Nkingi Jones in southwest Philadelphia.  Following the incident, Mr. Walker called Tyreek Hall, also

_____

[1] **See** 18 Pa.C.S. § 2502(c).

known as "Southwest Reek," for help.[2]  Driving a gold Buick, Mr. Hall and Appellant picked up Mr. Walker and Mr. McClarence and asked them to identify the men with whom they had brawled.  After Mr. Walker and Mr. McClarence did so, Appellant and Mr. Hall switched cars, getting into a rented silver Ford Mustang.

At approximately 4:00 p.m., Appellant and Mr. Hall drove to North 64th Street, where Mr. Jones and Mr. Bain were playing basketball with brothers Aaron and Tremaine Rogers.  Mr. Hall asked if any of the men had been bothering his cousin.  Mr. Jones informed him that the fight was over.  At that time, Appellant told Mr. Hall to "get busy" with the young men.  Mr. Hall took a gun from his waistband and fired seven times into the crowd before fleeing with Appellant.

Police responded to the scene and were provided with a description of the perpetrators.  As they began to search for evidence, officers discovered Tremaine Rogers lying face down in the back yard of 905 N. 64th Street.  Mr. Rogers had suffered a gunshot wound to the lower back and was pronounced dead at the scene.

Police interviewed Mr. Bain, Mr. Jones, and Aaron Rogers, who described both the fistfight and shooting.  Police also interviewed Mr. McClarence and Mr. Walker, who identified Mr. Hall as "Southwest Reek" and

---

[2] Appellant and Mr. Hall were tried together; Mr. Hall's appeal is docketed at 3670 EDA 2015.

Appellant as "Bobby." From two photo arrays, Mr. Bain, Mr. Jones, and Mr. Rogers identified Appellant as the driver and Mr. Hall as the shooter. Further investigation revealed that on June 26, 2013, Appellant rented a gray Ford Mustang. Although the car was due to be returned July 27, 2013, Appellant exchanged the car on July 13, 2013 at 5:32 p.m., approximately one half hour after Mr. Rogers was pronounced dead.

In March 2015, the matter proceeded to jury trial. Mr. Hall testified that he was acting in self-defense and claimed that Aaron Rogers had a gun on the night of the murder. No other evidence supported this statement. Appellant did not testify in his own defense, and the jury was instructed accordingly.

During trial, Appellant's trial counsel, Jack McMahon, raised his voice during cross-examination of a police detective and following the court overruling an objection. *See* Notes of Testimony (N.T.), 3/6/15, at 176-184. In front of the jury, Mr. McMahon accused the court of yelling. *Id.* at 176. After sending the jury from the room, the court admonished Mr. McMahon for raising his voice to the court and stated that if he could not control his behavior in front of the jury, he would be held in contempt. *Id.* at 176-184.

Following trial, the jury convicted Appellant of third degree murder and acquitted him of criminal conspiracy and possessing an instrument of crime.[3] In June 2016, the court sentenced Appellant to twenty to forty years of incarceration.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion.

On appeal, Appellant raises the following questions for our review:

1. Is the evidence insufficient as a matter of law to sustain Appellant's conviction for murder in the third degree?

2. Did the trial court err in failing to grant Appellant's motion for a mistrial when the prosecutor engaged in misconduct and drew explicit adverse inferences in relation to Appellant's post-arrest silence?

3. Did the trial court err and cause irreparable harm to Appellant by engaging in shouting/admonishment with Appellant's trial counsel?

Appellant's Brief at 4.

First, Appellant claims that the evidence was insufficient to sustain his conviction for third degree murder. *See* Appellant's Brief at 9-13. Essentially, Appellant contends he had no knowledge that Mr. Hall was armed and no evidence was introduced to show that Appellant intended for

_____

[3] *See* 18 Pa.C.S. § 903 and 907, respectively. Appellant's co-defendant, Mr. Hall, was convicted of third degree murder and possession of an instrument of crime.

Mr. Hall to shoot the decedent.  *Id.*  Appellant notes he was acquitted of conspiracy, and that Mr. Hall believed he was acting in self-defense. Accordingly, Appellant concludes that these facts render his conviction unsustainable.  *Id.*

We review a challenge to the sufficiency of the evidence as follows.

> In determining whether there was sufficient evidentiary support for a jury's finding [], the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as a verdict winner, are sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt.  The court bears in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

***Commonwealth v. Diggs***, 949 A.2d 873, 877 (Pa. 2008) (citations omitted).

Third degree murder occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony but contains the requisite malice.  ***See Commonwealth v. Morris,*** 958 A.2d 569, 576 (Pa. Super. 2008); 18 Pa.C.S. § 2502(c).  Third degree murder requires no specific intent to kill.  ***Commonwealth v. DiStefano***, 782 A.2d 574, 582 (Pa. Super. 2001).  The *mens rea* for third degree murder is malice, which has been defined as

> [w]ickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social

duty, although a particular person may not be intended to be injured . . . [M]alice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury.

*DiStefano*, 782 A.2d at 582 (internal quotations and citations omitted). Further, malice can be shown by "proving that a defendant used a dangerous weapon on a vital part of another's body." *Commonwealth v. Clark,* 411 A.2d 800, 802 (Pa. Super. 1979). In the instant case, it is beyond dispute that the evidence showed a dangerous weapon, a gun, was used on a vital part of Mr. Rogers' body, namely, his torso.

Appellant did not fire the fatal shot but was instead convicted under the theory of accomplice liability. The Crimes Code defines an accomplice as a person who with the intent of promoting or facilitating the commission of the offense, 1) solicits such other person to commit it or 2) aids, agrees, or attempts to aid such other person in planning or committing it. *See Commonwealth v. Kimbrough*, 872 A.2d 1244, 1251 (Pa. Super. 2005); *see also* 18 Pa.C.S. § 306. Thus, the Commonwealth must establish that Appellant intended to facilitate or promote the underlying offense and that he actively participated in the crime by soliciting or aiding the principal, Mr. Hall. *Id.* Significantly,

[b]oth requirements may be established wholly by circumstantial evidence. Only the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice. No agreement is required, only aid.

*Kimbrough*, 872 A.2d at 1251 (internal citations and quotations omitted); *see also Commonwealth v. Gooding*, 818 A.2d 546, 550-51 (Pa. Super. 2003) (finding evidence sufficient to establish guilt where defendant drove another man to an apartment where he retrieved a gun, then drove conspirator to the scene of the crime).

Here, viewing Appellant's actions in the light most favorable to the Commonwealth as the verdict winner, we may conclude that the evidence was sufficient to sustain Appellant's conviction as an accomplice. Appellant accompanied Mr. Hall to meet Mr. Walker after the two were called for assistance following a brawl. Appellant drove Mr. Hall, Mr. McClarence, and Mr. Walker to identify the young men involved in the altercation. Prior to driving to the scene of the crime, Appellant switched to a rental car. During the confrontation, Appellant ordered Mr. Hall to "get busy" with the young men. Following the confrontation, Appellant fled with Mr. Hall and almost immediately attempted to conceal the car involved in the shooting.

Despite Appellant's contention that he was unaware Mr. Hall was carrying a gun and that he did not intend for a shooting to occur, we note that no agreement is required, only aid. *See Kimbrough*, 872 A.2d at 1251. Appellant provided that aid by facilitating Mr. Hall's arrival and departure from the scene, delivering the inciting words leading to the fatal shooting, and concealing the getaway vehicle. Accordingly, the evidence was sufficient to sustain his conviction for third degree murder. *Diggs*, 949 A.2d at 877; *Morris,* 958 A.2d at 576; *Gooding*, 818 A.2d at 550-51.

Appellant's argument regarding his acquittal of possession of an instrument of crime and conspiracy is equally meritless. An acquittal is not a specific factual finding as to any evidence; the law requires only that the evidence be sufficient to support the verdicts as rendered. ***See Commonwealth v. Rakowski***, 987 A.2d 1215, 1220 (Pa. Super. 2010).

Next, Appellant claims that the court erred in failing to grant his motion for a mistrial for two instances of prosecutorial misconduct. ***See*** Appellant's Brief at 13. First, Appellant contends the prosecutor committed misconduct by drawing explicit, adverse inferences in relation to Appellant's post-arrest silence. ***Id.*** Second, Appellant argues that the prosecutor's characterization of defense arguments as "concocted," "ridiculous," and "absurd" constituted misconduct. ***Id.*** at 20.

> It is well-settled that the review of a trial court's denial of a motion for mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . . discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

***Commonwealth v. Fortenbaugh***, 69 A.3d 191, 193 (Pa. 2013) (quoting ***Commonwealth v. Chamberlain***, 30 A.3d 381 (Pa. 2011)).

With reference to a claim of prosecutorial misconduct in a closing statement,

it is well settled that in reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made. Our review of prosecutorial remarks and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial.

***Commonwealth v. Judy***, 978 A.2d 1015, 1019 (Pa. Super. 2009) (internal citations and quotations omitted). A prosecutor has considerable latitude during closing arguments when the comments are supported by the evidence. ***See Commonwealth v. Holley***, 945 A.2d 241, 250 (Pa. Super. 2008). Further, a prosecutor may respond to defense arguments with logical force and vigor. ***See Commonwealth v. Chmiel***, 889 A.2d 501, 544 (Pa. 2005).

First, Appellant claims that the prosecutor improperly commented on his post-arrest silence. ***See*** Appellant's Brief at 13. Such remarks are prohibited and considered innately prejudicial. ***See Commonwealth v. Clark***, 626 A.2d 154, 158 (Pa. 1993). In making such a claim, it "must be clear that the reference is to post-arrest silence." ***Commonwealth v. Mitchell***, 839 A.2d 202, 213 (Pa. 2003).

We first note that Appellant's brief does not cite to relevant authority or appropriate portions of the record. ***See*** Pa.R.A.P. 2119(a) (requiring citation to the record and pertinent authority); ***see also Commonwealth v. McMullen***, 745 A.2d 683, 689 (Pa. Super. 2000) (noting that assertions unsupported by argument and authority result in the waiver of claims). Appellant spends approximately five pages of his brief citing to case law

regarding post arrest silence but does not identify a specific comment by the prosecutor in support his claim. **See** Appellant's Brief at 13-19. Instead, he cites to pages of the record, including counsel's request for a mistrial, without further elaboration. **Id.** Accordingly, we find that he has waived this claim. **See McMullen**, 745 A.2d at 689.

Even if we did not find waiver, an examination of the portions of argument cited to by Appellant do not reveal any inference by the prosecutor regarding Appellant's post-arrest silent but, instead, discuss Mr. Hall's testimony regarding his claim of self-defense. While it is possible the record does contain such an inference, it is Appellant's responsibility to cite to the appropriate portions of argument and testimony. **See Commonwealth v. Miller**, 731 A.2d 1121, 1124 (Pa. Super. 1998) (noting that this court will not act as appellant's counsel and consider undeveloped issues). Accordingly, the prosecutor did not commit misconduct, and Appellant's claim is without merit. **See Judy**, 978 A.2d at 1019.

Second, Appellant claims that the prosecutor committed misconduct by characterizing Appellant's case as "concocted" and "ridiculous." **See** Appellant's Brief at 19-20. He claims that the prosecutor made these comments referring to both Appellant and Mr. Hall, that there was no evidence at trial in relation to this issue, and that Appellant was unable to respond. **Id.**

An examination of the record shows that the prosecutor stated, in part:

> The only person who ever said that Aaron Rogers was not playing basketball was Southwest Reek, and you know why he said it. You know why he said it, because the fact that he was playing makes this concocted, ridiculous self-defense claim go down the tube . . . . that was the defense in this case . . . . they had to go with something so they went with that.

*See* TCO at 18. "They" refers to Mr. Hall and the defense team, where both counsel made argument that Mr. Hall had acted in self-defense. As discussed, *supra*, a prosecutor may respond to arguments made by the defense with logical vigor. **See Chmiel**, 889 A.2d at 544. Accordingly, the prosecutor did not commit misconduct during this argument. **Id.**

Finally, Appellant claims that the trial court erred in "shouting/admonishing" Appellant's trial counsel. **See** Appellant's Brief at 21. He contends that this alleged yelling caused Appellant "lasting and irreparable harm" and prejudice, which affected the entire trial. **Id.** In support of this contention, he avers that this was a "close verdict" and argues the trial court does not deny "yelling." **Id.** at 21-22.

As discussed, *supra*, the incident occurred when the court overruled one of Mr. McMahon's objections and Mr. McMahon became argumentative, accusing the court, in front of the jury, of yelling. The court noted that Mr. McMahon had been yelling for the last half hour and that he needed to stop. The jury was then removed from the courtroom. All other remarks exchanged between the court and Mr. McMahon were made outside of the presence of the jury.

We have observed that

> [e]very unwise or irrelevant remark made in the course of the trial by a judge, does not compel the granting of a new trial. *A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.*

***Commonwealth v. Ragan***, 645 A.2d 811, 821 (Pa. 1994) (quoting ***Commonwealth v. Goosby***, 301 A.2d 673, 674 (Pa. 1973) (emphasis in original). Further, it is well-settled that "the trial judge has discretion in determining the point at which further cross-examination will be of no value, and his ruling will not be reversed in the absence of an abuse of that discretion." ***Commonwealth v. Marker***, 331 A.2d 883, 887 (Pa. Super. 1974).

Here, Appellant cites to no further case law in support of his position that the trial judge's remark or tone of voice prejudiced him. From an examination of the record, we conclude that the trial court decided that cross-examination had devolved into argument, and it merely attempted to maintain order in the courtroom. Further, Appellant has not demonstrated how this decision prejudiced him. The jury was capable of observing Mr. McMahon's courtroom demeanor and volume for itself, and any further exchanges between Mr. McMahon and the court occurred outside of the jury's presence. We discern no abuse of discretion in the court's decision and cannot find that Appellant was deprived of a fair and impartial trial as a result. *See Ragan*, 645 A.2d at 821; *Marker*, 331 A.2d at 887.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2017